# MARCIANO ROMAN

*v.*

# ROYAL BANK OF CANADA.

---

San Juan, Law, No. 1407.

### DEMURRER TO COMPLAINT.

**District Court of Porto Rico—Jurisdiction.**

1. The district court of Porto Rico has a wider jurisdiction than that in the States. Under § 41 of the Jones Act it embraces litigation where the party on either side is a foreigner not domiciled in Porto Rico. This must be alleged.

**Damages—Limitation.**

2. A prescription of acts of § 1803 of the Civil Code as to fault or negligence has no application to the breach of a contract.

**Damages—Amount.**

3. The fact that two causes of action in a complaint are each $2,000 is not material. Damages for past acts are sustainable, but not damages for future acts which may or may not occur. A complaint must set out such circumstances as are recoverable at law.

Opinion filed March 30, 1921.

---

*Mr. H. F. Besosa* for plaintiff.

*Mr. Chas. Hartzell* for defendant.

### Roman v. Royal Bank of Canada.

HAMILTON, Judge, delivered the following opinion:

The gist of the claim in this case is that the plaintiff agreed with the defendant bank to pay a certain draft provided the money was held long enough for an attachment to be levied, and that this was not done. As a result the plaintiff claims sundry damages. The demurrer sets up several alleged defects.

1. The jurisdiction of this court seems to be wider than that of Federal courts in the States, in that under § 41 of the Jones Act it embraces litigation where the party on either side is a foreigner and not domiciled in Porto Rico. It would seem, that, as jurisdiction is not presumed, the plaintiff should allege this lack of domicil. Complaint at bar does not seem to do so, and the first ground of demurrer must be sustained.

2. Acts arising under § 1803 of the Civil Code as to fault or negligence are barred in one year under § 1869. The complaint, however, does not seem to be drawn under § 1803. It does not allege fault or negligence, but a direct breach of a contract. The prescription referred to, therefore, does not apply.

3. The demurrer further sets out that the itemized bill annexed to the complaint makes two claims of $2,000 for the same injury, and that if one of these is struck out the suit falls below the jurisdictional amount of $3,000. Allegation "G" is "damage to credit suffered by reason of plaintiff not being able to return money loaned from Roman Tembleg and Tembleg refusing further business with plaintiff," this being estimated at $2,000. Allegation "H" is "damage suffered by plaintiff in his business by reason of the loss of assistance in a financial way of Roman Tembleg, and due to the loss thereof not being

able to increase and develop his business," also estimated at $2,000. Stating it in different language, the first allegation would seem to be damage to plaintiff's existing credit from inability to return Tembleg's loan and his refusing further business, and the second to be inability of plaintiff, due to loss of Tembleg's assistance, to increase business in future. The one injury therefore relates to existing business and the other to future business, which might constitute two different elements of damage, even though stated at $2,000 in each case. A more serious question would be whether the damage to future business is a proper subject of recovery in a law suit. Where there is a direct contract or enterprise outstanding of scope which can be determined in money, the law allows damages. If the enterprise in question depends upon the state of the market, questions of war and peace, climate, enterprise and health of the party himself, it becomes too indefinite to be a subject of legal recovery. What was the fact in the case at bar is not stated in the complaint, and the demurrer, therefore, will have to be sustained.

The demurrer is sustained, therefore, on the first and third grounds and overruled on the second.

It is so ordered.